ORDER *
Peter Kott was convicted of conspiracy (18 U.S.C. § 371), Hobbs Act extortion under color of official right (18 U.S.C. § 1951(a)) and federal programs bribery (18 U.S.C. § 666(a)(1)(B)). He appealed his sentence and conviction.
*205 On April 13, 2009, shortly before oral argument on appeal, Kott filed a motion requiring the United States to disclose all evidence “favorable to the accused” pursuant to Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The motion arose out of events in United States v. Stevens, Criminal No. 08-231 (D.D.C.), in which the United States moved to set aside a judgment of conviction and to dismiss the indictment with prejudice based on failure to disclose Brady material. The witness involved in the Stevens case was also a primary witness in the Kott prosecution.
The United States responded to the motion for production in this case by reporting that it was conducting a review of the disclosures and would produce any Brady material it found that had not already been produced.
Although it apparently has not concluded its review, the United States has now moved the Court to remand this case to the district court for further proceedings. It reports that “the process has uncovered material that, at this stage, appears to be information that should have been, but was not disclosed to Appellant before trial.” The government has also withdrawn its opposition to Kott’s motion for bail pending appeal.
The government’s motion to remand for further proceedings is GRANTED. Kott’s motion for bail pending appeal is GRANTED, upon conditions and terms to be set by the district court. We note that the government agrees that defendant should be released on his own recognizance.
The remand is a limited one based on the issues raised by the government. See United States v. Thrasher, 483 F.3d 977, 982 (9th Cir.2007) (describing scope of limited remand). We remand for the district court to determine: (1) whether the government breached its obligation of full disclosure under Brady and Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); (2) if so, whether the defendant was prejudiced by the violation; and (3) if the defendant was prejudiced, what the remedy should be. The district court is, of course, free to follow whatever procedure it deems appropriate and expeditious in its discretion.
We retain jurisdiction over this appeal during the pendency of the limited remand. See Cel-A-Pak v. Cal. Agric. Labor Relations Bd., 680 F.2d 664, 668 (9th Cir.1982) (noting power to retain appellate jurisdiction while ordering a limited remand). Upon completion of its review of the remanded Brady issue,- the district court shall promptly certify its order thereon to this Court. We defer submission of this appeal and stay further proceedings in this Court pending resolution of the proceedings in the district court. All other issues briefed by the parties remain pending.
REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.